**Michael E. SPILLER,**
**Plaintiff, Appellant,**

v.

**U.S.V. LABORATORIES, INC., et al.,**
**Defendants, Appellees.**

No. 87–1669.

United States Court of Appeals,
First Circuit.

Heard Feb. 4, 1988.

Decided March 23, 1988.

Blas C. Herrero, Jr., with whom Raul A. Rovira–Burset, Hato Rey, P.R., was on brief, for plaintiff, appellant.

Gregory T. Usera with whom Ferraiuoli, Axtmayer & Hertell, Hato Rey, P.R., was on brief, for defendants, appellees.

Before CAMPBELL, Chief Judge, SELYA, Circuit Judge, and CAFFREY,* Senior District Judge.

CAFFREY, Senior District Judge.

The sole issue on appeal is whether the District Court abused its discretion by dismissing the case because of plaintiff's failure to comply with the court's discovery orders. We affirm.

Plaintiff-appellant filed this action in March, 1985 claiming he was dismissed from his employment with the defendant-appellee because of racial discrimination. In addition, he claims damages for breach of his employment contract with defendant.

The defendant initiated discovery on June 19, 1985 with a request for production of documents and a notice for plaintiff's deposition. When the plaintiff failed to appear at the scheduled meetings, the defendant moved for an order to compel discovery. On August 16, 1985, the District Court granted the motion to compel and awarded the defendant costs, to be paid by August 30. Although the plaintiff thereafter complied with the discovery order, the plaintiff failed to pay the costs by the appointed date. Consequently, on September 6, 1985 the defendant moved under Rule 37(b)(2) for sanctions against the plaintiff. Before the court acted on the motion, however, the plaintiff paid the costs. This was the first instance where plaintiff failed to comply with a court order until the defendant took action seeking to enforce its rights.

The next failure to obey court orders occurred when the plaintiff failed to post a nonresident bond as ordered by the court. On October 2, the court, pursuant to defendant's motion, ordered the plaintiff to post a $750 nonresident bond. On November 13, over a month later, the bond remained unposted. The court entered another order requiring the plaintiff to post the bond by December 2 or suffer a dismissal of the action. Despite the threat of dismissal, the December 2 deadline passed without plaintiff's compliance. Therefore, on January 7, 1986, the defendant moved for dismissal. Shortly after the defendant's motion, the plaintiff posted the bond. The District Court therefore denied the motion to dismiss.

On April 17, 1986, the defendant submitted another request for documents to the plaintiff as well as an interrogatory. Attached to the request for production were five releases requiring plaintiff's signature. To respond to this request, the plaintiff need only have signed the releases and returned them to the defendant. Nonetheless, the plaintiff failed to comply with the discovery request within the permissible time period, causing defendant to request in writing that the plaintiff comply. After several extensions of time and informal attempts by the defendant to induce the plaintiff to respond, the defendant finally filed a motion to compel discovery on July 15, 1986, almost two months after the time in which plaintiff was originally obligated to provide the requested discovery.

On October 17, 1986, plaintiff's counsel withdrew from the action. The court conditioned counsel's withdrawal on plaintiff's retaining new counsel within five days. As of March 13, 1987, however, plaintiff had not yet retained new counsel. The court therefore ordered the plaintiff to retain new counsel within ten days. Despite the court order, plaintiff failed to obtain counsel and a pretrial conference scheduled for April 1, 1987 had to be cancelled. On April 6, the court once more granted plaintiff additional time to retain counsel. The plaintiff was also given thirty days to com-

* Of the District of Massachusetts, sitting by designation.

ply with all outstanding discovery requests including the requested releases. In addition, the court scheduled a pretrial conference for May 8. The plaintiff was once again warned that failure to comply with the court's order would result in dismissal.

On May 8, the pretrial conference could not be held because the plaintiff had not retained counsel until May 4, and therefore, had not fulfilled his discovery obligations. Despite the earlier warning, the court nevertheless gave the plaintiff five more days to obey the court's orders. When the plaintiff failed to comply with this new deadline, the defendant filed a motion to dismiss under Rule 37. On June 10, when the plaintiff had still not complied with the court's order, the defendant's motion was granted. Plaintiff appealed.

■ Absent an abuse of discretion, this court may not disturb a district court's dismissal of an action for failure of the plaintiff to comply with court orders. *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). A plaintiff who appeals such a dismissal bears a heavy burden of demonstrating that the trial judge was clearly not justified in entering an order of dismissal under Rule 37. *Damiani v. Rhode Island Hospital*, 704 F.2d 12, 17 (1st Cir.1983). We hold that the plaintiff has demonstrated no abuse of discretion in the present matter.

■ On at least three different occasions, the plaintiff ignored court orders without justification or explanation. The plaintiff was given ample time within which to comply with court orders. He received notice on two occasions of the adverse consequences which would follow a failure to comply. Judging from the record, at no point did the plaintiff attempt to inform the court of the reasons for delay and non-compliance. Despite warnings and numerous extensions of time granted by the defendant or the court, the plaintiff dallied in retaining new counsel and failed to produce the requested discovery. The discovery requested was not beyond the power of the plaintiff to provide. The plaintiff had only to sign some releases which would have enabled the defendant to acquire documents essential to the preparation of its defense.

The plaintiff argues strenuously that his failure to comply was not willful or in bad faith. However, based on the history of foot-dragging evident from the record, it is difficult to draw any other inference but that plaintiff did not intend to comply unless absolutely forced to do so. The plaintiff ignored two court orders to post a bond until threatened with dismissal. He failed to retain new counsel despite three court orders. He refused to comply with discovery requests on two occasions even though he was warned that his case would be dismissed. He has offered no reason as to why he could not sign the requested releases. Indeed, at this late date, he now offers to sign the forms stating it was never his intention not to do so.

To excuse his actions, the plaintiff points to poor communication with his attorney arising from the fact that the plaintiff lived outside of Puerto Rico and was continually moving about. Suffice it to say, the plaintiff has the responsibility for keeping abreast of all developments in an action that he instituted. The defendant should not be made to suffer because the plaintiff has failed to establish an effective means of communication with his attorney.

■ The plaintiff also argues that the trial judge could have imposed a less severe sanction than dismissal. That may be so, but it is well settled that the question on review is not whether we would have imposed a more lenient penalty had we been sitting in the trial judge's place, but whether the trial judge abused his discretion in imposing the penalty he did. *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. at 642, 96 S.Ct. at 2780. We have already indicated that dismissal was clearly within the trial judge's discretion.

■ Finally, plaintiff argues that the Fifth Amendment entitled him to a hearing prior to dismissal on the issue of whether less severe sanctions should be imposed. We find this contention to be without mer-

it. Lack of a hearing does not offend due process where the plaintiff had ample warning of the consequences of his failure to comply with court orders. *See Link v. Wabash Railroad Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

*Affirmed.*