USCA1 Opinion

 

 September 15, 1992 [NOT FOR PUBLICATION] _________________________ No. 92-1401 RADIOCENTRO, INC., ETC., Plaintiff, Appellant, v. ALTOS COMPUTER SYSTEMS, Defendant, Appellee. _________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Raymond L. Acosta, U.S. District Judge] ___________________ _________________________ Before Selya, Circuit Judge, _____________ Aldrich, Senior Circuit Judge, ____________________ and Boyle,* District Judge. ______________ _________________________ Ciro A. Betancourt and Eduardo A. Betancourt on brief for __________________ ______________________ appellant. Maggie Correa Aviles, Jaime E. Toro Monserrate and McConnell ____________________ ________________________ _________ Valdes Kelley Sifre Griggs & Ruiz Suria on brief for appellee. _______________________________________ _________________________ _________________________ _______________ *Chief Judge, United States District Court for the District of Rhode Island, sitting by designation. Per Curiam. Suit was started in this case on November ___________ 27, 1990. Early on, the defendant sought basic discovery by way of interrogatories, Fed. R. Civ. P. 33, and requests for document production, Fed. R. Civ. P. 34. When the plaintiff failed to respond in a timeous fashion, defendant formally requested compliance. See D.P.R. Loc. R. 311.11. After two such requests, ___ plaintiff agreed that it would comply with the pending discovery initiatives within a week. It failed to do so. On July 8, 1991, still empty-handed, the defendant moved to compel discovery. The plaintiff did not respond to the motion but, at a status conference held on July 16, 1991, before a magistrate-judge, the plaintiff offered to make amends by August 1, 1991. Again, the plaintiff's promise was honored only in the breach. When defendant filed another motion to compel, the magistrate granted it, ordering the plaintiff to comply with the pending discovery initiatives within five days (from August 22, 1991) "or face the strong possibility of dismissal." The plaintiff's ensuing motion for an extension of time was denied. The plaintiff continued to stonewall. The magistrate's five-day deadline was ignored. Accordingly, the defendant moved to dismiss the action for plaintiff's failure to comply with the discovery order. At long last, the plaintiff served answers to interrogatories. Shortly thereafter, on October 3, 1991, plaintiff's counsel failed to appear at a previously scheduled pretrial conference. The defendant filed another motion to dismiss, citing plaintiff's disregard of the discovery order and 2 its boycotting of the scheduled status conference. The plaintiff opposed dismissal, attributing noncompliance to counsel's personal problems, a scheduling mix-up, and the like. On February 5, 1992, the district judge dismissed the action. In his order, the judge pointedly noted plaintiff's "unexcusable delays" in furnishing discovery, specifically found that plaintiff was guilty of a "manifest pattern of delay," and concluded that plaintiff had shown "total disregard" of the applicable rules and timetables. Following denial of its motion for reconsideration, plaintiff appealed. We need not tarry. The district court's findings are entirely supportable. This was no mere isolated slip. Rather, the record here is replete with evidence of broken promises and other conduct betokening a cavalier disregard for orderly procedure. The plaintiff was not only late but egregiously late. Its recalcitrance persisted in the face of the court's specific warning that further delay might well engender dismissal. The court's timetable for discovery and trial was knocked into a cocked hat. On this infelicitous record, dismissal was among the sanctions that the district court, in its discretion, was entitled to employ.1 See National Hockey League ___________________________ v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642-43 (1976); ______________________________ ____________________ 1Plaintiff contends that affirming the judgment below will result in punishing an innocent client for its attorney's shortcomings. To some extent, that is true. We have, however, regularly held that sort of argument to be overridden by the very nature of the adversary system. See, e.g., Damiani, 704 F.2d at ___ ____ _______ 16; Corchado, 665 F.2d at 413; see also Link, 370 U.S. at 633-34. ________ ___ ____ ____ 3 Link v. Wabash R.R., 370 U.S. 626, 633-35 (1962); Spiller v. ____ ____________ _______ U.S.V. Labs., Inc., 842 F.2d 535, 537 (1st Cir. 1988); Farm ____________________ ____ Constr. Servs., Inc. v. Fudge, 831 F.2d 18, 20 (1st Cir. 1987); ____________________ _____ Damiani v. Rhode Island Hospital, 704 F.2d 12, 15-16 (1st Cir. _______ _____________________ 1983); Corchado v. Puerto Rico Marine Management, Inc., 665 F.2d ________ ____________________________________ 410, 413 (1st Cir. 1981), cert. denied, 459 U.S. 826 (1982). _____ ______ As this appeal presents no substantial question, we need go no further. See 1st Cir. R. 27.1. ___ Affirmed. ________ 4