<head>

<title>USCA1 Opinion</title>

<style type="text/css" media="screen, projection, print">

<!--

@import url(/css/dflt_styles.css);

-->

</style>

</head>

<body>

                 UNITED STATES COURT OF APPEALS
                     FOR THE FIRST CIRCUIT
                      ____________________

No. 97-2148

                        CHRISTIAN GUEX,

                     Plaintiff - Appellant,

                               v.

    ALLMERICA FINANCIAL LIFE INSURANCE AND ANNUITY COMPANY,
               A/K/A SMA LIFE ASSURANCE COMPANY,

                     Defendant - Appellee.

                      ____________________

          APPEAL FROM THE UNITED STATES DISTRICT COURT

                FOR THE DISTRICT OF PUERTO RICO

       [Hon. Jess A. Castellanos, U.S. Magistrate Judge]

                      ____________________

                             Before

                    Torruella, Chief Judge,

                Campbell, Senior Circuit Judge,

                   and Stahl, Circuit Judge.

                     _____________________

   Luis Len-Freire, with whom Jess M. del Valle Law Offices was
on brief for appellant.
   Frank Gotay-Barquet, with whom Ramonita Prez de Gotay,
Feldstein, Gelp & Gotay and Ralph L. Diller were on brief for
appellee.

                      ____________________

                        July 10, 1998
                     ____________________

 Per curiam.  Plaintiff-appellant Christian Guex appeals from the
dismissal with prejudice of his complaint.  The dismissal was a
sanction for his failure to appear at his own deposition, as well
as for earlier violations of discovery orders.  He argues that
  the dismissal was too severe a sanction.  We disagree, and
                           affirm.
  In dismissing the plaintiff's complaint, the district court
relied on Rule 37 of the Federal Rules of Civil Procedure, which
                provides, in pertinent part,  
 (d) If a party . . . fails (1) to appear before the officer who
 is to take the deposition, after being served with proper notice,
   or (2)  to serve answers or objections to interrogatories
 submitted under Rule 33, after proper service of interrogatories,
 . . . the court in which the action is pending on motion may make
  such orders in regard to the failure as are just, and among
       others it may [issue various orders, including:]  
                            . . .
 (b)(2)(C) An order striking out pleadings or parts thereof, or
   staying further proceedings until the order is obeyed, or
  dismissing the action or proceeding or any part thereof, or
 rendering a judgment by default against the disobedient party.
                                
  Fed. R. Civ. P. 37(d) & 37(b)(2)(C) (emphasis added).     
 We review the trial court's imposition and selection of sanctions
under Fed. R. Civ. P. 37(d) for abuse of discretion, in deference
to that court's greater familiarity with the parties appearing
 before it.  See Goldman, Antonetti, Ferraiuoli, Axtmayer, &
Hertell v. Medfit Int'l, Inc., 982 F.2d 686, 692 (1st Cir. 1993).  
Moreover, the Supreme Court has stated that a reviewing court, in
assessing the severity of the sanctions imposed by a trial court,
must give due regard to the deterrent effect of the sanctions:
   [T]he most severe in the spectrum of sanctions provided by
  sanction or rule must be available to the district court in
 appropriate cases, not merely to penalize those whose conduct may
  be deemed to warrant such a sanction, but to deter those who
   might be tempted to such conduct in the absence of such a
                           deterrent.
                                
National Hockey League v. Metropolitan Hockey Club, Inc., 427
U.S. 639, 643 (1976); see also Roadway Express, Inc. v. Piper,
447 U.S. 752, 763-64 (1980); Goldman, Antonetti, 982 F.2d at 692.  
There is also "nothing in the rule that states or suggests that
the sanction of dismissal can be used only after all the other
 sanctions [available under Rule 37] have been considered or
tried."  Damiani v. Rhode Island Hosp., 704 F.2d 12, 15 (1st Cir.
1988).  Thus, "[a] plaintiff who appeals such a dismissal bears a
heavy burden of demonstrating that the trial judge was clearlynot justified in entering an order of dismissal under Rule 37."  
Spiller v. U.S.V. Labs., Inc., 842 F.2d 535, 537 (1st Cir. 1988)
                      (emphasis added).
 Mr. Guex filed this action on March 13, 1995, seeking to collect
 the benefits allegedly due to him under a disability policy
issued by defendant-appellee Allmerica Financial Life Insurance
and Annuity Company ("Allmerica").  He claims that he is totally
 disabled and therefore incapable of performing his duties as
president of Guex Tooling Company, of which he is also the sole
 shareholder.  The parties consented to have a United States
Magistrate Judge conduct all proceedings in this case pursuant to
                    28 U.S.C.  636(c)(1).
 On May 29, 1997, Allmerica notified Mr. Guex that his deposition
would be taken starting on Monday, June 23, 1997.  On Thursday,
 June 19, 1997, counsel for Mr. Guex confirmed that he would
attend his deposition.  Four days later, approximately one hour
before the deposition was slated to begin, counsel for Mr. Guex
called Allmerica to reveal that an unidentified person had called
   his office to say that Mr. Guex would not appear for the
                         deposition.
  Mr. Guex did, indeed, fail to appear at his deposition.  No
excuse or explanation was given.  His counsel said that he would
 try to communicate with Mr. Guex, and then call Allmerica to
provide the reasons why he had not appeared.  When counsel for
Mr. Guex called back, however, it was to say that he had not been
            able to communicate with his client.   
    On July 1, 1997, Allmerica filed a motion requesting the
dismissal of the complaint due to Mr. Guex's failure to attend
 his own deposition.  The following day, the magistrate judge
ordered Mr. Guex to show cause in writing within five days "why
this case should not be dismissed for want of prosecution or for
 the imposition of any other sanctions, which may include the
certification for contempt proceedings."  The plaintiff failed to
respond to the order to show cause within the prescribed period,
neither by filing a motion showing cause, nor even by filing a
               motion for extension of time.   
  Three weeks later, Mr. Guex finally filed a response to the
motion for sanctions.  His response, however, utterly failed to
provide any explanation for his failure to attend his deposition.  
In this regard, we do not consider his general references to an
alleged "impossibility to attend his deposition" and unspecified
"last-minute problems" to be adequate responses, particularly
because they were unaccompanied by any indication of the nature
           and source of his last-minute problems.
 Notwithstanding the fact that Mr. Guex had missed the deadline
set by the order to show cause, the magistrate judge waited until
after Guex had responded to rule on the motion for sanctions.  On
August 1, 1997, the magistrate judge entered an opinion and order
  granting the motion to dismiss, and on August 11, 1997, he
entered judgment dismissing the complaint with prejudice.  On
      that same date, Mr. Guex filed a motion requesting
reconsideration of the order dismissing the complaint, arguing
that his failure to attend the deposition "was due to out of his
control circumstances [sic] that this court has shown no interest
in hearing."  On August 19, 1997, the magistrate judge denied the
                 motion for reconsideration.
 We find no abuse of discretion in the magistrate judge's decision
to dismiss Mr. Guex's complaint as a sanction for his conduct.  
 To the contrary, we think that the district court exhibited
extraordinary patience.  Mr. Guex has demonstrated a troubling
lack of respect for the judicial process by failing to appear at
his deposition, failing to explain his failure, and then having
the impertinence to suggest that the magistrate judge had shown
  no interest in hearing his side of the story.  The record
discloses that the magistrate judge gave Mr. Guex not one, but
three opportunities to proffer an explanation for his failure to
                  appear at the deposition.
 The first time that an explanation was provided was in Mr. Guex's
brief in this appeal, filed three months later on November 21,
1997.  The entire extent of his new, more complete explanation,
is that he was unable to attend his deposition because he had to
travel to Switzerland "for reasons of family health problems."  
Because it is a mere assertion of counsel rather than a statement
made under oath, and because no proof is offered to support it,
  one might reasonably question the credibility of the newly
  proffered explanation.  However, we need not address this
question, since we cannot consider an explanation that was not
provided to the trial court.  See Villafae-Neriz v. FDIC, 75
                F.3d 727, 734 (1st Cir. 1996).
 Mr. Guex also argues, however, that the magistrate judge abused
his discretion because in dismissing Guex's complaint, he took
into consideration not only Guex's own failure to appear at the
deposition, but also the numerous violations of discovery orders
committed by Guex's company.  Guex contends that a court should
not consider the actions of a non-party in determining whether a
party should be sanctioned under Rule 37(d).  Although Guex's
contention holds true in most cases, there are some exceptions,
                      such as this case.
 First, not all of the incidents mentioned by the magistrate judge
involved a non-party.  For example, on one occasion, Mr. Guex was
        given direct orders by the magistrate judge:  
 to instruct his corporation to proceed with the production of the
 documents requested in defendant's subpoena [duces tecum]. . . .  
   More than reasonable time has already been granted to this
 corporation for the production of said documents. . . .  There
 are some indications of stonewalling maneuvers by the corporation
   to avoid discovery by defendant.  Severe sanctions will be
 imposed for failure to comply with this order, which may include
 a certification for contempt proceedings or the dismissal of the
                           complaint.
                                
 Conference Report, App. at 75.  Mr. Guex did not file for a
protective order or otherwise seek reconsideration of this order.  
 Instead, his corporation failed to comply with the discovery
 requests, and there is no evidence that Guex did anything to
comply with the order he was given to ensure that his company
produced the requested documents.  At least in this instance,
therefore, there is no question that the magistrate judge could
 attribute to Mr. Guex the company's violation of the order.
   Second, like the magistrate judge, we cannot overlook the
plaintiff's abuse of the corporate form to avoid his discovery
obligations.  Throughout the pre-trial proceedings in this case,
the plaintiff's wholly owned company violated numerous discovery
 orders.  The plaintiff, however, took the position that his
company's violations were none of his concern, even though he is
   the president of the company, and his lawyer is also the
company's lawyer.  For example, on one occasion, Guex Tooling was
 cited for a deposition and served with a deposition subpoena
   duces tecum for certain documents to be produced at the
deposition.  At the stated date no one appeared to serve as the
official representative of the company, and the deposition had to
be continued until a later date.  Sitting in the room, however,
were Mr. Guex and his counsel.  Mr. Guex, the president and 100%
owner of Guex Tooling, and his counsel, who was also representing
Guex Tooling, provided no explanation for the company's failure
                         to appear.   
  Surveying the entire pre-trial process, the magistrate judge
 evidently found that Mr. Guex was responsible for failing to
prevent his company's repeated violations.  Moreover, Mr. Guex
 failed even to explain why he could not ensure the company's
compliance with the defendants' discovery requests.  In light of
this information, the magistrate judge was entitled to find that
 Mr. Guex had feigned his inability to control his company's
conduct and, thus, had acted in bad faith.  Accordingly, we find
that the sanction of dismissal with prejudice was well within the
                magistrate judge's discretion.
 For the reasons stated above, we affirm the magistrate judge's
judgment dismissing the complaint with prejudice.  Double costs
                  are awarded to appellees.

</body>

</html>