USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1041 THE ESTATE OF JOSE M. SOLIS-RIVERA, ET AL. Plaintiffs, Appellants, v. UNITED STATES OF AMERICA, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Gilberto Gierbolini, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________ ____________________ Armando Cardona-Estelritz and Isidro Garcia Pesquera Law Offices _________________________ ___________________________________ on brief for appellants. Isabel Munoz Acosta, Assistant United States Attorney, and _____________________ Daniel F. Lopez-Romo, United States Attorney, on brief for the United _____________________ States. ____________________ May 11, 1993 ____________________ Per Curiam. Plaintiffs/appellants are the widow ___________ and children of the late Jose M. Solis Rivera. Plaintiffs brought this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. 2671 et seq., claiming that the United __ ____ States Department of Veterans' Affairs ("VA") negligently failed to diagnose and treat Solis Rivera's prostate gland cancer. Plaintiffs appeal from the district court's dismissal of the case without prejudice for lack of prosecution. I. I. Plaintiffs filed their complaint on August 19, 1991. On February 13, 1992, the government filed a motion to dismiss the complaint, arguing that plaintiffs had improperly filed their administrative claim in the name of Jose Solis Rivera and his heirs, rather than in the name of Solis Rivera's estate or in the names of the plaintiffs individually as his heirs. Plaintiffs did not respond to the government's motion to dismiss within ten days of service, as required by Local Rule 311.5 of the District of Puerto Rico. On March 23, 1992, after more than a month had passed since service of the motion to dismiss, the district court entered an order dismissing the complaint with prejudice for failure to diligently prosecute the action. A judgment dismissing the case was entered on March 31. -2- Plaintiffs thereafter filed a motion to vacate and set aside the court's order and a motion to reconsider the judgment. In the motions, plaintiffs' attorney explained that he thought the district court, during a February 7 status conference, had approved a thirty-day period to answer the government's proposed motion to dismiss. Plaintiffs' attorney further explained that he had been busy with another case for three weeks, and asked the court to impose a less severe sanction than dismissal with prejudice in light of the isolated nature of his dilatory action. On May 29, 1992, the district court granted plaintiffs' request to vacate and set aside its prior order dismissing the case. On the same day, the court granted to the government fifteen days to file a detailed memorandum of law in support of the motion to dismiss that it had filed on February 13. Plaintiffs were given ten days to respond. On June 12, 1992, in compliance with the order, the government filed the more detailed memorandum of law in support of its motion to dismiss. On June 23, plaintiffs requested an additional five days to respond ostensibly because plaintiffs' attorney was unable to find in his files a contemporaneous motion to dismiss. The government contends that it subsequently informed plaintiffs' attorney that a copy of the motion to dismiss filed on February 13, 1992 was to accompany its memorandum of law of June 12. The -3- government faxed a copy of the motion to dismiss to plaintiffs' attorney on June 24. Approximately a month passed with no response from plaintiffs. On July 29, 1992, the government filed a motion to adjudicate, asking the court to dismiss the case with prejudice because plaintiffs had failed to respond to its motion to dismiss twenty-nine business days after they filed a request for an extension. On August 10, 1992, plaintiffs filed a motion opposing the government's motion to adjudicate. Plaintiffs' attorney claimed he was not informed until July 16 that he was not missing any of the government's pleadings, and that he had been busy with another jury trial, but expected to complete an opposing memorandum within a day or two. On August 18, 1992, plaintiffs finally filed a memorandum opposing the government's motion to dismiss. By that time, however, the district court had already entered an order dated August 12 dismissing the case with prejudice for lack of prosecution. Judgment was entered on August 19, 1992. On August 25, plaintiffs filed a motion for reconsideration. They argued that (1) they had filed their memorandum on August 18, before receiving the court's order dated August 12 and before judgment was entered; and (2) the essentials of plaintiffs' opposition to the government's -4- motion to dismiss had been tendered in plaintiffs' March 27 motion to vacate. On October 22, 1992, the district court issued an order denying plaintiffs' motion for reconsideration, but modifying the August 12, 1992 order to dismissal without prejudice. Plaintiffs appeal from the district court's October 22, 1992 order dismissing the case without prejudice. II. II. Rule 41(b) of the Federal Rules of Civil Procedure expressly authorizes a district court to dismiss a case "[f]or failure of the plaintiff to prosecute or comply with . . . any order of court." Dismissal with prejudice is a ______________ "harsh sanction," Richman v. General Motors Corp., 437 F.2d _______ ____________________ 196, 199 (1st Cir. 1971), which "should be employed only when a plaintiff's misconduct has been extreme," Figueroa Ruiz v. _____________ Alegria, 896 F.2d 645, 647 (1st Cir. 1990), and "only after _______ the district court has determined 'that none of the lesser sanctions available to it would truly be appropriate,'" Enlace Mercantil Int'l, Inc. v. Senior Indus., Inc., 848 F.2d ____________________________ ___________________ 315, 317 (1st Cir. 1988). A finding of extreme misconduct is justified if there is extremely protracted inaction, disobedience of court orders, ignorance of warnings, contumacious conduct, Cosme Nieves v. Deshler, 826 F.2d 1, 2 ____________ _______ (1st Cir. 1987), or "some other aggravating circumstance such as 'prejudice to the defendant, glaring weaknesses in the -5- plaintiff's case, and the wasteful expenditure of a significant amount of the district court's time.'" Figueroa ________ Ruiz, 896 F.2d at 648 (quoting Enlace Mercantil, 848 F.2d at ____ ________________ 317). We review a district court's dismissal for lack of prosecution only for an abuse of discretion. E.g., Figueroa ____ ________ Ruiz, 896 F.2d at 647. ____ Plaintiffs contend that the district court's dismissal without prejudice is the functional equivalent of a dismissal with prejudice since the six-month statute of limitations authorized in the FTCA, 28 U.S.C. 2401(b), (providing in substance that, in an FTCA case, suit must be "begun within six months after the date of mailing . . . of notice of final [administrative] denial of the claim") had long since passed and there appears to be no likelihood of equitable tolling. See de Casenave v. United States, No. 92- ___ ___________ _____________ 2102, slip op. at 6 (1st Cir. April 20, 1993) (where plaintiffs' initial lawsuit was dismissed for failure to abide by discovery orders, and record contains no evidence of misconduct on part of government, court "discern[s] no basis under which the district court could have applied equitable principles" to toll FTCA's six-month statute of limitations); Pipkin v. United States Postal Service, 951 F.2d 272, 274 ______ _____________________________ (10th Cir. 1991) (refusing to toll FTCA six-month limitations period during filing of previous FTCA lawsuit which was dismissed without prejudice for failure to prosecute). -6- Plaintiffs argue that their dilatory conduct was not so egregious as to justify what is, in effect, the ultimate sanction of dismissal with prejudice. The district court may, indeed, have been unaware that the applicable statute of limitations had expired. The court's October 22 modification of its August 12 order dismissing the case from "with prejudice" to "without prejudice" suggests that the court may have felt that plaintiffs were in a position to refile their case. Such a belief on the court's part would be understandable given plaintiffs' counsel's neglect, either before or after October 22, 1992, to point out to the court their limitations problem. Resolution of this appeal is not altogether simple. Plaintiffs' attorney's failure on two occasions to respond to plain deadlines was egregious. If the district court had dismissed with prejudice in these circumstances, we could not ____ say it had abused its discretion. However, by finally dismissing without prejudice, the district court seems to _______ have indicated a merciful wish not to visit counsel's dereliction upon the heads of plaintiffs by barring the action altogether. A district court, which has direct and continuous contact with attorneys, is best able to judge in the first instance whether an attorney's misconduct is sufficiently egregious to warrant the "death knell" of a -7- lawsuit, see Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 ___ _____ ________________ (1st Cir. 1989), or whether some lesser sanction would be more appropriate. Given the district court's action in changing the dismissal from "with" to "without" prejudice, we are persuaded to remand to the same district judge to allow him to decide whether, given the surfacing of the statute of limitations problem, he wishes to give plaintiffs a further chance by allowing the present action to proceed. In so remanding, we may be criticized for overlooking plaintiffs' failure to have raised the limitations problem below. This court will not ordinarily consider a matter not first presented to the district court. E.g., Boston Celtics Ltd. ____ ___________________ Partnership v. Shaw, 908 F.2d 1041, 1045 (1st Cir. 1990). ___________ ____ Still, we think the district court is better positioned than ourselves to determine the course of justice here. We, therefore, vacate and remand, but emphasize that we leave the choice entirely in the hands of the district court, which may either choose to confirm the "death knell" of this action by reentry of its previous or some other dismissal order, or else allow the case to proceed. If the district court allows the case to proceed, the court may wish to assure itself either that present counsel will in the future act responsibly or that new counsel will be substituted by plaintiffs. The court may also consider whether to impose, -8- as a condition to allowing the case to go forward, pecuniary sanctions, to be paid by present counsel personally, and to see that present counsel does not bill its own clients for time related to its ineffective and annoying conduct to date. Vacated and remanded for further proceedings in ___________________________________________________ accordance herewith. Costs to appellee, to be paid ____________________ ___________________________________ personally by appellant's counsel. _________________________________ -9-