Christian **GUEX**, Plaintiff—Appellant,

v.

**ALLMERICA FINANCIAL LIFE INSURANCE AND ANNUITY COMPANY, a/k/a Sma Life Assurance Company, Defendant—Appellee.**

No. 97–2148.

United States Court of Appeals, First Circuit.

Heard Feb. 26, 1998.

Decided July 10, 1998.

Luis León–Freire, with whom Jesús M. del Valle Law Offices was on brief for appellant.

Frank Gotay–Barquet, with whom Ramonita Pérez de Gotay, Feldstein, Gelpí & Gotay and Ralph L. Diller were on brief for appellee.

Before TORRUELLA, Chief Judge, CAMPBELL, Senior Circuit Judge, and STAHL, Circuit Judge.

PER CURIAM.

Plaintiff-appellant Christian Guex appeals from the dismissal with prejudice of his complaint. The dismissal was a sanction for his failure to appear at his own deposition, as well as for earlier violations of discovery orders. He argues that the dismissal was too severe a sanction. We disagree, and affirm.

In dismissing the plaintiff's complaint, the district court relied on Rule 37 of the Federal Rules of Civil Procedure, which provides, in pertinent part,

(d) If a party ... fails (1) to appear before the officer who is to take the deposition, after being served with proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of interrogatories, ... the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may [issue various orders, including:]

. . .

(b)(2)(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or *dismissing the action or proceeding or any part thereof,* or rendering a judgment by default against the disobedient party.

Fed.R.Civ.P. 37(d) & 37(b)(2)(C) (emphasis added).

We review the trial court's imposition and selection of sanctions under Fed.R.Civ.P. 37(d) for abuse of discretion, in deference to that court's greater familiarity with the parties appearing before it. *See Goldman, Antonetti, Ferraiuoli, Axtmayer, & Hertell v. Medfit Int'l, Inc.,* 982 F.2d 686, 692 (1st Cir.1993). Moreover, the Supreme Court has stated that a reviewing court, in assessing the severity of the sanctions imposed by a trial court, must give due regard to the deterrent effect of the sanctions:

[T]he most severe in the spectrum of sanctions provided by sanction or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.

*National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *see also Road-*

*way Express, Inc. v. Piper,* 447 U.S. 752, 763–64, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980); *Goldman, Antonetti,* 982 F.2d at 692. There is also "nothing in the rule that states or suggests that the sanction of dismissal can be used only after all the other sanctions [available under Rule 37] have been considered or tried." *Damiani v. Rhode Island Hosp.,* 704 F.2d 12, 15 (1st Cir.1983). Thus, "[a] plaintiff who appeals such a dismissal bears a heavy burden of demonstrating that the trial judge was *clearly* not justified in entering an order of dismissal under Rule 37." *Spiller v. U.S.V. Labs., Inc.,* 842 F.2d 535, 537 (1st Cir.1988) (emphasis added).

Mr. Guex filed this action on March 13, 1995, seeking to collect the benefits allegedly due to him under a disability policy issued by defendant-appellee Allmerica Financial Life Insurance and Annuity Company ("Allmerica"). He claims that he is totally disabled and therefore incapable of performing his duties as president of Guex Tooling Company, of which he is also the sole shareholder. The parties consented to have a United States Magistrate Judge conduct all proceedings in this case pursuant to 28 U.S.C. § 636(c)(1).

On May 29, 1997, Allmerica notified Mr. Guex that his deposition would be taken starting on Monday, June 23, 1997. On Thursday, June 19, 1997, counsel for Mr. Guex confirmed that he would attend his deposition. Four days later, approximately one hour before the deposition was slated to begin, counsel for Mr. Guex called Allmerica to reveal that an unidentified person had called his office to say that Mr. Guex would not appear for the deposition.

Mr. Guex did, indeed, fail to appear at his deposition. No excuse or explanation was given. His counsel said that he would try to communicate with Mr. Guex, and then call Allmerica to provide the reasons why he had not appeared. When counsel for Mr. Guex called back, however, it was to say that he had not been able to communicate with his client.

On July 1, 1997, Allmerica filed a motion requesting the dismissal of the complaint due to Mr. Guex's failure to attend his own deposition. The following day, the magistrate judge ordered Mr. Guex to show cause in writing within five days "why this case should not be dismissed for want of prosecution or for the imposition of any other sanctions, which may include the certification for contempt proceedings." The plaintiff failed to respond to the order to show cause within the prescribed period, neither by filing a motion showing cause, nor even by filing a motion for extension of time.

Three weeks later, Mr. Guex finally filed a response to the motion for sanctions. His response, however, utterly failed to provide any explanation for his failure to attend his deposition. In this regard, we do not consider his general references to an alleged "impossibility to attend his deposition" and unspecified "last-minute problems" to be adequate responses, particularly because they were unaccompanied by any indication of the nature and source of his last-minute problems.

Notwithstanding the fact that Mr. Guex had missed the deadline set by the order to show cause, the magistrate judge waited until after Guex had responded to rule on the motion for sanctions. On August 1, 1997, the magistrate judge entered an opinion and order granting the motion to dismiss, and on August 11, 1997, he entered judgment dismissing the complaint with prejudice. On that same date, Mr. Guex filed a motion requesting reconsideration of the order dismissing the complaint, arguing that his failure to attend the deposition "was due to out of his control circumstances [sic] that this court has shown no interest in hearing." On August 19, 1997, the magistrate judge denied the motion for reconsideration.

◼ We find no abuse of discretion in the magistrate judge's decision to dismiss Mr. Guex's complaint as a sanction for his conduct. To the contrary, we think that the district court exhibited extraordinary patience. Mr. Guex has demonstrated a troubling lack of respect for the judicial process by failing to appear at his deposition, failing to explain his failure, and then having the impertinence to suggest that the magistrate judge had shown no interest in hearing his side of the story. The record discloses that

the magistrate judge gave Mr. Guex not one, but three opportunities to proffer an explanation for his failure to appear at the deposition.

■ The first time that an explanation was provided was in Mr. Guex's brief in this appeal, filed three months later on November 21, 1997. The entire extent of his new, more complete explanation, is that he was unable to attend his deposition because he had to travel to Switzerland "for reasons of family health problems." Because it is a mere assertion of counsel rather than a statement made under oath, and because no proof is offered to support it, one might reasonably question the credibility of the newly proffered explanation. However, we need not address this question, since we cannot consider an explanation that was not provided to the trial court. See *Villafane–Neriz v. FDIC*, 75 F.3d 727, 734 (1st Cir.1996).

Mr. Guex also argues, however, that the magistrate judge abused his discretion because in dismissing Guex's complaint, he took into consideration not only Guex's own failure to appear at the deposition, but also the numerous violations of discovery orders committed by Guex's company. Guex contends that a court should not consider the actions of a non-party in determining whether a party should be sanctioned under Rule 37(d). Although Guex's contention holds true in most cases, there are some exceptions, such as this case.

■ First, not all of the incidents mentioned by the magistrate judge involved a non-party. For example, on one occasion, Mr. Guex was given direct orders by the magistrate judge:

> to instruct his corporation to proceed with the production of the documents requested in defendant's subpoena [duces tecum]. . . . More than reasonable time has already been granted to this corporation for the production of said documents. . . . There are some indications of stonewalling maneuvers by the corporation to avoid discovery by defendant. Severe sanctions will be imposed for failure to comply with this order, which may include a certification for

contempt proceedings or the dismissal of the complaint.

*Conference Report,* App. at 75. Mr. Guex did not file for a protective order or otherwise seek reconsideration of this order. Instead, his corporation failed to comply with the discovery requests, and there is no evidence that Guex did anything to comply with the order he was given to ensure that his company produced the requested documents. At least in this instance, therefore, there is no question that the magistrate judge could attribute to Mr. Guex the company's violation of the order.

Second, like the magistrate judge, we cannot overlook the plaintiff's abuse of the corporate form to avoid his discovery obligations. Throughout the pre-trial proceedings in this case, the plaintiff's wholly owned company violated numerous discovery orders. The plaintiff, however, took the position that his company's violations were none of his concern, even though he is the president of the company, and his lawyer is also the company's lawyer. For example, on one occasion, Guex Tooling was cited for a deposition and served with a deposition subpoena *duces tecum* for certain documents to be produced at the deposition. At the stated date no one appeared to serve as the official representative of the company, and the deposition had to be continued until a later date. Sitting in the room, however, were Mr. Guex and his counsel. Mr. Guex, the president and 100% owner of Guex Tooling, and his counsel, who was also representing Guex Tooling, provided no explanation for the company's failure to appear.

Surveying the entire pre-trial process, the magistrate judge evidently found that Mr. Guex was responsible for failing to prevent his company's repeated violations. Moreover, Mr. Guex failed even to explain why he could not ensure the company's compliance with the defendants' discovery requests. In light of this information, the magistrate judge was entitled to find that Mr. Guex had feigned his inability to control his company's conduct and, thus, had acted in bad faith. Accordingly, we find that the sanction of dismissal with prejudice was well within the magistrate judge's discretion.

For the reasons stated above, we affirm the magistrate judge's judgment dismissing the complaint with prejudice. Double costs are awarded to appellees.