**Cirilo VALENTIN d/b/a C.M. Imports and Val–Tub Imports, et al., Plaintiffs,**

**v.**

**CONCENTRATED CHEMICAL CO., Defendant.**

**No. Civ. 97–1579 PG.**

United States District Court, D. Puerto Rico.

Feb. 9, 1999.

Federico Lora–López, San Juan, P.R., for plaintiffs.

María Alejandra Mercado–Betancourt, San Juan, P.R., for defendant.

## OPINION & ORDER

PEREZ–GIMENEZ, District Judge.

As part of its responsibility for managing its docket, this Court has revisited the file of this case and notes the following chronology of events:

1. April 23, 1998: The defendant agreed to produce documents, including an expert report, that had delayed depositions already scheduled. (Dkt.# 35).

2. May 22, 1998: The defendant failed to abide by its agreement and instead provided the plaintiffs with a plethora of irrelevant documents. (Dkt.# 35).

3. August 14, 1998: The plaintiffs filed a "Motion for Elimination of Defendant's Expert and to Compel, Pursuant to Rule 37 of the Fed.R. of Civil P." [1] (Dkt.# 35).

4. September 9, 1998: The defendant filed an opposition to the plaintiffs' August 14, 1998 motion. (Dkt.# 37).

5. October 27, 1998: This Court entered the following order: "It appears that defendant is frustrating plaintiffs' efforts to obtain discovery. Therefore, defendant has until November 13, 1998 to provide the requested discovery and agreed to by counsel or *sanctions shall be imposed which may be as severe as striking the counterclaim and striking all previous allegations.*" (Emphasis added). (Margin Order on Dkt. # 38).

6. November 18, 1998: Plaintiffs filed a motion requesting sanctions for noncompliance with this Court's October 27, 1998 order. According to this motion, on November 16, 1998, a messenger delivered to the plaintiffs' office copies of the defendant's IRS forms for the years 1993 through 1996, but not one single document related to the "intense tests" it conducted of the product at issue in the present controversy. It also seems that as of November 18, 1998, counsel for the defendant had still failed to provide opposing counsel with the expert's report. (Dkt.# 40).

7. November 23, 1998: Defendants requested a status conference "to discuss the possibility of disclosing the contents of the formula due to the fact that all pre-marketing testing and development information is contained in the same documents as the formulas are."

### Discussion

■ A trial judge has the authority to set limits on the time available for the parties to complete discovery, Fed.R.Civ.P. 16(b)(3), as well as wide "latitude in carrying out case-management functions." *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 5 (1st Cir.1993), citing *In re San Juan Dupont Plaza Hotel Fire Litig.*, 859 F.2d 1007, 1019 (1st Cir. 1988). In order to carry out its administra-

---

1. Fed.R. of Civ.P. 37 is a case-management instrument that provides for parties to the motions requesting an order compelling discovery when opposing counsel offers merely evasive or incomplete disclosure. *See JOM, Inc. v. Adell Plastics, Inc.*, 151 F.3d 15, 18 (1st Cir.1998).

tive responsibilities effectively, a district court not only is assisted by litigants who are obligated to collaborate in the arrangement of pre-trial procedures. *In re San Juan Dupont Plaza Hotel Fire Litigation,* 111 F.3d 220, 228 (1st Cir.1997) (citation omitted), but also has discretion to impose sanctions that it deems appropriate upon those parties that openly defy its orders. *E.g.,* Fed.R.Civ.P. 16(f); *see also Corretjer Farinacci v. Picayo,* 149 F.R.D. 435 (D.P.R.1993) (sanctions are justified when litigants ignore the district's local rules or a judge's scheduling order); *Media Duplication Servs., Ltd. v. HDG Software, Inc.,* 928 F.2d 1228, 1238 (1st Cir.1991) (sanctions applied due to failure of counsel to appear on the appointed day for trial). Although trial judges do not have a *carte blanche* in the exercise of their discretion as to the imposition of sanctions for failure to comply with the court's orders, *e.g., Navarro–Ayala v. Nunez,* 968 F.2d 1421, 1427 (1st Cir.1992); *Figueroa–Rodriguez v. Lopez–Rivera,* 878 F.2d 1478, 1481 (1st Cir. 1989), any challenge to a judge's decisions related to case management "bears a formidable burden in attempting to convince the court of appeals that the lower court erred." *United States v. One 1987 BMW 325,* 985 F.2d 655, 657 (1st Cir.1993).[2] However, the Court of Appeals for the First Circuit has clearly stated that it does not "rubber stamp" district court decisions simply because discretion is involved. *Damiani v. Rhode Island Hosp.,* 704 F.2d 12, 17 (1st Cir.1983).

Such discretion manifests itself in a variety of ways, including: (1) the preclusion of untimely motions. *Rosario–Diaz v. Gonzalez,* 140 F.3d 312, 315 (1st Cir.1998), *citing Guzman–Rivera v. Rivera–Cruz,* 98 F.3d 664, 668 (1st Cir.1996); (2) the refusal to extend discovery any further. *Coyante v. Puerto Rico Ports Authority,* 105 F.3d 17, 23 (1st Cir.1997); *Thibeault v. Square D Co.,* 960 F.2d 239, 247 n. 7 (1st Cir.1992) ("we heartily endorse the utilization of discovery closure dates ... as a case management tool"); (3) and in the most extreme circumstances, the dismissal with prejudice of cases, *John's Insulation, Inc. v. L. Addison & Associates,*

*Inc.,* 156 F.3d 101, 109 (1st Cir.1998) (dismissal for failure to retain new counsel in a timely manner); *Christian Guex v. Allmerica Financial Life Ins. & Annuity Co.,* 146 F.3d 40 (1st Cir.1998) (dismissal for failure to appear at deposition without excuse or explanation); *Goldman, Antonetti v. Medfit Int'l. Inc.,* 982 F.2d 686, 692 (1st Cir.1993) (dismissal with prejudice for failure to attend pretrial and settlement conference); *Estate of Solis–Rivera v. United States,* 993 F.2d 1, 2 (1st Cir.1993) (dismissal with prejudice should be granted only when no lesser sanctions would be adequate), or the entry of default, *Luis C. Forteza e Hijos, Inc. v. Mills,* 534 F.2d 415, 419 (1st Cir.1976) ("A default judgment is itself a drastic sanction that should be employed only in an extreme situation"). The rationale for frequently deferring to a trial judge's case-management decisions rests on the principle that administrative actions are inherently fact specific, and thus, well "within the ken of the district court." *Robson v. Hallenbeck,* 81 F.3d 1, 2–3 (1st Cir.1996).

■ Defendant Concentrated Chemical Co. has stubbornly refused to provide the pertinent documents on several occasions despite this Court's warnings to cooperate. A status conference of the type requested by the defendant is unnecessary and would further prolong a case that has already been clogged by crafty maneuvers and dilatory tactics. Since April 23, 1998, the defendant agreed to produce the relevant documents, yet the plaintiffs are still waiting to receive them. Since the defendant refused to comply with the Court's October 27, 1998 order, sanctions are applicable. "[D]iscovery orders, other pre-trial orders, and indeed, all orders governing the management of a case are enforceable under pain of sanction for unjustifiable violation." *Barreto v. Citibank, N.A.,* 907 F.2d 15, 16 (1st Cir.1990). Having exhausted this Court's patience, the following sanctions shall be imposed: Defendant's counterclaim and all its previous allegations shall be stricken. If the defendant persists

---

2. *E.g.,* "Claims of abuse of discretion under Rule 41(b) typically have not received a sympathetic ear from us." *Benjamin v. Aroostook Med. Ctr.,* *Inc.,* 57 F.3d 101, 107 (1st Cir.1995) (citation omitted).

in ignoring this Court's orders, more severe sanctions shall follow.

**WHEREFORE,** defendant's counterclaim and all its previous allegations are hereby stricken.

**IT IS SO ORDERED.**