<head>

<title>USCA1 Opinion</title>

<style type="text/css" media="screen, projection, print">

<!--

@import url(/css/dflt_styles.css);

-->

</style>

</head>

<body>

                United States Court of Appeals
                    For the First Circuit

No. 98-1587

                 MANUEL ANGULO-ALVAREZ, ET AL.,

                     Plaintiffs-Appellants,

                               v.

              JOSE E. APONTE DE LA TORRE, ET AL.,

                     Defendants-Appellees.

          APPEAL FROM THE UNITED STATES DISTRICT COURT

                FOR THE DISTRICT OF PUERTO RICO

      [Hon. Raymond L. Acosta, Senior U.S. District Judge]

                             Before

                    Torruella, Chief Judge,
                 Hall,* Senior Circuit Judge,
                  and Lipez, Circuit Judge.
                                

    Jess M. Hernndez-Snchez for appellants.
    Luis E. Pabn-Roca for appellee Municipality of Carolina and
Jos E. Aponte in his Official Capacity as Mayor, Leticia Casalduc-
Rabell, Assistant Solicitor General, U. S. Department of Justice
for appellee Jos E. Aponte, Mayor of Carolina, in his individual
capacity, with whom Carlos Lugo-Fiol, Solicitor General, U. S.
Department of Justice and Edda Serrano-Blasini, Deputy Solicitor
General, U. S. Department of Justice, were on brief.  

March 19, 1999

                                
___________________

    *Of the Ninth Circuit, sitting by designation.

    LIPEZ, Circuit Judge.  Manuel Angulo-Alvarez and twelve of his
former coworkers at the Department of Maintenance and
Transportation of the Municipality of Carolina, Puerto Rico ("the
Department"), appeal from a district court judgment dismissing
their political discrimination claims against the Municipality of
Carolina and its Mayor, Jos E. Aponte ("Mayor Aponte").  We
affirm.  
                        I. Background
    The plaintiffs are former career employees of the Municipality
of Carolina who worked in the Department.  They are also members of
the New Progressive Party ("NPP").  Mayor Aponte, currently serving
his third term in office, is a member of the Popular Democratic
Party ("PDP").  In 1995, the Municipal Assembly of the Municipality
of Carolina approved a plan to privatize the Department.  The
privatization plan called for the layoff of all employees in the
Department, including the thirteen plaintiffs in this case.  
    Following the decision to privatize, the Municipality sent
each employee a notification letter informing them that the
decision to layoff personnel would be made pursuant to the "Layoff
Plan."  The employees were later informed that the Municipality
would attempt to relocate as many employees as possible by helping
them obtain work with the private contractor taking over the
Department or by placing them within other departments of the
Municipality.  
    As part of this process, the plaintiffs were offered unskilled
laborer positions with other departments in the Municipality of
Carolina.  These positions, however, constituted a demotion from
their prior jobs.  Seven of the thirteen plaintiffs met with
municipal officials but declined their offers for employment.  Six
of the plaintiffs failed to meet with officials at all to discuss
employment options.  Municipal officers also called the plaintiffs
to their offices so that plaintiffs could fill out job applications
with the private company taking over the Department.  Only three of
the plaintiffs filled out the applications with the contractor.  
    The plaintiffs sued Mayor Aponte, in both his official and
individual capacities, and the Municipality of Carolina pursuant to
42 U.S.C.  1983.  The plaintiffs alleged that the decision to
privatize the Department, the Municipality's failure to relocate
the plaintiffs within the Municipality, and its failure to later
recall the plaintiffs when positions became available, were
politically motivated in violation of their rights under the First
and Fourteenth Amendments to the United States Constitution.  
    Defendants moved for a summary judgment on the plaintiffs'
claims that the decision to privatize the Department and the
failure to relocate the plaintiffs were acts of political
discrimination.  The district court granted summary judgment on the
privatization claim on the ground that the plaintiffs failed to
offer any evidence from which a factfinder could infer that
political affiliation was a substantial or motivating factor in the
elimination of the Department.  On the relocation claim, however,
the district court denied summary judgment.   
    Following the entry of a partial summary judgment, the
district court ordered the claims of failure to relocate and
failure to recall plaintiffs to proceed and scheduled a pre-trial
settlement conference.  At the conference, the court found that the
plaintiffs, on the eve of trial, had not yet offered the evidence
necessary to proceed in a political discrimination case.  As a
result, the district court ordered each plaintiff to file answers,
under oath, to four interrogatories issued by the court itself.   
Only one of the thirteen plaintiffs, Angulo-Alvarez, filed answers
to the court-ordered interrogatories within the prescribed time.  
Defendants filed a motion to dismiss the plaintiffs' complaint for
failure to comply with the court's order.  The district court
granted the motion with respect to the twelve plaintiffs who failed
to respond in toto.  It also granted a dismissal of Angulo-
Alvarez's claim on the ground that his answers were inadequate.  
    The plaintiffs appeal the entry of summary judgment on their
privatization claim and the subsequent dismissal of their remaining  
claims of failure to relocate and failure to recall.
                     II. Summary Judgment
     We review the summary judgment entry de novo, taking the
facts in a light most favorable to the nonmoving party.  SeeRivera-Cotto v. Rivera, 38 F.3d 611, 613 (1st Cir. 1994).  We will
affirm the entry of judgment if "the pleadings, depositions,
answers to interrogatories, and admissions on file, together with
the affidavits, if any, show that there is no genuine issue as to
any material fact and that the moving party is entitled to judgment
as a matter of law."  Fed. R. Civ. P. 56.  Even where motive or
intent is at issue, "summary judgment may be appropriate if the
nonmoving party rests merely upon conclusory allegations,
improbable inferences, and unsupported speculation."  Rivera-Cotto,
38 F.3d at 613(quoting Medina-Munoz v. R.J. Reynolds Tobacco Co.,
896 F.2d 5, 8 (1st Cir. 1990)).
    When political discrimination is alleged in a case involving
the dismissal of a non-policymaking employee, the plaintiff must
first produce sufficient evidence, either direct or circumstantial,
from which a "rational jury could find that political affiliation
was a substantial or motivating factor behind the adverse
employment action."  Rodriguez-Rios v. Cordero, 138 F.3d 22, 24
(1st Cir. 1998).  Once the plaintiff meets the threshold burden,
the burden then shifts to the defendant-employer who must
"articulate a nondiscriminatory basis for the adverse employment
action and prove by a preponderance of the evidence that it would
have been taken without regard to plaintiff's political
affiliation."  Id.; see also Larou v. Ridlon, 98 F.3d 659, 661 (1st
Cir. 1996); Acevedo-Diaz v. Aponte, 1 F.3d 62, 66 (1st Cir. 1993).
    Here, the plaintiffs claimed that privatization of the
Department was an act of political discrimination.  The district
court concluded that the plaintiffs had failed to present anyevidence "from which [one] might infer that political affiliation
was the substantial or motivating factor in the elimination of the
[Department]."  We agree.  The plaintiffs' complaint stated that
the plaintiffs were NPP followers and that Mayor Aponte had
"developed a policy, custom or practice of political discrimination
against members of the New Progressive Party."  The only evidence
submitted in support of those allegations was the affidavit of
plaintiff Angulo-Alvarez.  In the affidavit, Angulo-Alvarez stated
that Mayor Aponte is a member of the PDP and that the plaintiffs
are known, active members of the NPP.  He claimed that of the
seventy employees in the Department, most of them were NPP
supporters and that this "bothered" the management of the
municipality of Carolina.  Neither Angulo-Alvarez's affidavit nor
any other evidence in the record supports the statements that 1)
the majority of Department employees were NPP followers or 2) that,
even if true, the Municipality was troubled by a strong NPP
presence in the Department.  Angulo-Alvarez's statements were
speculative assertions with no basis in the record.  
    Indeed, although the plaintiffs alleged that a majority of the
employees at the Department were NPP followers, defendants
correctly note that the plaintiffs' own statements belie the
accuracy of this statement.  The plaintiffs claim -- and defendants
do not dispute -- that there were a total of seventy employees in
the Department. In the plaintiffs' motion for reconsideration of
the dismissal of their complaint, they listed 29 PDP followers who
were relocated to other jobs.  Combined with the other six names
set forth in additional documentation, at least half of the
employees in the Department must have been PDP followers. At the
very most, the plaintiffs can claim that the Department was evenly
split between PDP and NPP followers.  On this evidence, no rational
jury could conclude that the decision to privatize the department
was politically motivated.  Given that the plaintiffs failed to
meet their initial burden of presenting a prima facie case of
discrimination, the court properly entered summary judgment on the
privatization claim.   
                    III. Motion to Dismiss
    As the court explained in its final order dismissing the
plaintiffs' complaint, the court concluded at the pretrial
settlement conference that the plaintiffs could not "proffer . . .
elementary evidence crucial to a political discrimination case
despite the fact that they carry that burden at trial."  Concerned
with the plaintiffs' ability to meet their burden at trial, the
court ordered each plaintiff to answer four interrogatories.  In
the minutes of the conference, the court explained:
    [T]he only issue remaining in this action is the
    MUNICIPALITY's liability for having failed to
    relocate/recall plaintiffs.  Accordingly, plaintiffs
    would have to establish at trial that they were laid off
    and not relocated/recalled even though: (1) there were
    employment positions available within the MUNICIPALITY
    (2) for which they qualified and (3) these positions were
    filled by PDP followers instead.

         Plaintiffs were not able to identify a single
    position which they claim was filled by a PDP for which
    they qualified.

         Given the narrow issues which remain outstanding,
    the imminence of trial date, plaintiffs' burden at trial
    and in order to avoid the time and expense involved in
    trial and its preparation, each plaintiff shall provide
    under oath/verification . . . answers to [four]
    questions.

The plaintiffs were warned that "failure to comply shall result in
the dismissal of the claim(s) and/or sanctions against counsel
personally."  In response to the order, the plaintiffs submitted
one affidavit, signed by Angulo-Alvarez.  Defendants then filed a
motion to dismiss for failure to comply with the court's order.  
The court granted the motion to dismiss on the basis that the
plaintiffs' answers to the interrogatories were incomplete   twelve
of the thirteen plaintiffs failed to even submit answers and
Angulo-Alvarez's answers were incomplete.  The court found that
Angulo-Alvarez failed to proffer the required information, noting
that "there is no justification for plaintiffs to lack this
information at this late stage of the proceedings."   
    Federal Rules of Civil Procedure 37(b)(2)(C) and 41(b) give
the court the authority to dismiss a complaint for failure to
comply with a court order. Rule 37(b)(2)(C) specifically provides
for dismissal if a party fails to comply with an order to provide
discovery while Rule 41(b) is a more general grant of authority,
allowing dismissal for the failure to comply with any order of the
court.  Although the court did not specify which rule of procedure
it relied upon in dismissing the complaint, we review such a
decision on either of the above stated grounds for an abuse of
discretion. See Guex v. America Financial Life Ins. and Annuity
Co., 146 F.3d 40, 41 (1st Cir. 1998)(reviewing dismissal pursuant
to Fed. R. Civ. P. 37(b)(2)(C) for abuse of discretion); HMG
Property Investors, Inc. v. Parque Industrial Rio Canas, Inc., 847
F.2d 908, 916-917 (1st Cir. 1988)(reviewing choice of remedy under
Fed. R. Civ. P. 41(b) for abuse of discretion).
    At the pretrial settlement conference, the court ordered the
plaintiffs to answer four questions due to the apparent dearth of
evidence.  The plaintiffs were warned by the court at this
conference that failure to comply with the court's order could lead
to a dismissal of their complaint in its entirety.  Nonetheless,
twelve of the thirteen plaintiffs made no effort to comply with the
order. Angulo-Alvarez, the only plaintiff to submit answers, did so
selectively.  He set forth those 16 jobs that were available at the
time the plaintiffs were laid off.  He failed, however, to provide
the qualifications necessary to fill each of the positions.
Instead, he selectively described the necessary qualifications for
certain positions, and then stated that the plaintiffs were
qualified to fill those positions.  In response to the court's
request that he state the name of each person who filled the 16
vacant positions described in response to question one as well as
their political affiliation, Angulo-Alvarez only offered the names
of eight PDP followers.  Finally, Angulo-Alvarez failed entirely to
respond to the request for evidence he intended to use to establish
that political affiliation was a motive for filling the positions.  
The plaintiffs' contention that Angulo-Alvarez's answers "complied
with the District Courts' [sic] questions propounded to  
plaintiffs" is without merit.
    We are similarly unpersuaded by the plaintiffs' protestations
that the complaint was improperly dismissed because they were not
given an opportunity to oppose defendants' motion.  We have stated
in this circuit that "[l]ack of a hearing does not offend due
process where the plaintiff had ample warning of the consequences
of his failure to comply with court orders." Spiller v. U.S.V.
Lab., Inc., 842 F.2d 535, 538 (1st Cir. 1988)(citing Link v. Wabash
R.R. Co., 370 U.S. 626 (1962)).  Nor is it an abuse of discretion
to employ the sanction of dismissal without first considering less
severe sanctions.  "[T]he law is well established in this circuit
that where a noncompliant litigant has manifested a disregard for
orders of the court and been suitably forewarned of the
consequences of continued intransigence, a trial judge need not
first exhaust milder sanctions before resorting to dismissal."
Figuero Ruiz v. Alegria, 896 F.2d 645, 649 (1st Cir. 1990)(internal
quotation marks and citation omitted).  The court clearly warned
the plaintiffs that failure to comply with its order that each
plaintiff answer the  interrogatories could result in a dismissal
of their claims.   The plaintiffs' disregard of this order and the
court's specific warning that dismissal could follow from such
noncompliance provided a sufficient basis for the dismissal.  We
find no abuse of discretion in the district court's action.   
    Judgment affirmed.
     
 

</body>

</html>