[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 97-2422

IDANIS GARCIA MORALES;
EDGAR RAFAEL RIVERA DE JESUS;
CONJUGAL PARTNERSHIP RIVERA GARCIA,

Plaintiffs, Appellants,

v.

INSTITUTO COMERCIAL DE PUERTO RICO JUNIOR COLLEGE;
ANGEL CURBELO,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domnguez, U.S. District Judge]

Before

Selya, Circuit Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

Jesus R. Rabell Mendez and Rossello, Rabell & Salicrup on
brief for appellants.
Luis N. Blanco Matos on brief for appellees.

January 31, 2000

Per Curiam. Plaintiffs appeal from the district court's denial
of Rule 60(b) relief from a judgment dismissing plaintiff's
employment discrimination claim "without prejudice" for failure to
prosecute, pursuant to Fed.R.Civ.P. 41(b). At the time that
plaintiffs filed their Rule 60(b) motion, they had refiled their
federal claims in a second suit before the district court, and a
motion to dismiss the claims as untimely was pending. 
Subsequently, the district court did dismiss plaintiffs' second
complaint on the grounds that the statute of limitations on the
federal claims had already run when the first complaint was
dismissed and that the filing of the first complaint had not tolled
the limitations period.
"Although our case law gives the district court broad
discretion to dismiss a case to further its case management
responsibilities, disposition on the merits is favored and we
repeatedly have held that a case should not be dismissed with
prejudice except 'when a plaintiff's misconduct is especially
egregious or extreme.'" Ortiz-Anglada v. Ortiz-Perez, 183 F.3d 65,
66 (1st Cir. 1999) (citation omitted). Here, the district court
dismissed without prejudice and, in refusing to reinstate two weeks
later, gave as one of its two reasons the fact that the dismissal
was without prejudice, i.e., that the dismissal allowed plaintiffs
to refile. Yet later, when it was brought to the court's attention
that the running of the statute of limitations could effectively
convert the dismissal without prejudice to one with prejudice, the
court denied Rule 60(b) relief without further explanation.
"Our review of the denial of a motion under Rule 60(b) is for
abuse of discretion. Our review is limited to the denial of the
60(b) motion, not the merits of the underlying judgment. We will
find an abuse of discretion only when we are left with a definite
and firm conviction that the lower court committed a clear error of
judgment in the conclusion it reached when weighing all the
relevant factors." Ahmed v. Rosenblatt, 118 F.3d 886, 891 (1st Cir.
1997).
The district court failed to set forth its reasons for denying
the Rule 60(b) motion, stating only that the motion was "denied." 
This failure hampers our review of the district court's denial in
these circumstances, where the reasons for denial are less than
obvious. Instead of this court second guessing the reasons for the
district court's refusal to vacate the dismissal of plaintiffs'
complaint, it is preferable that the district court articulate its
reasons. "A district court, which has direct and continuous
contact with attorneys, is best able to judge in the first instance
whether an attorney's misconduct is sufficiently egregious to
warrant the 'death knell' of a lawsuit, or whether some lesser
sanction would be more appropriate." Estate of Solis-Rivera v.
United States, 993 F.2d 1, 3 (1st Cir. 1993); cf. Velazquez-Rivera
v. Sea-Land Service, Inc., 920 F.2d 1072, 1079 (1st Cir. 1990)
(explaining benefits of district court's setting forth in writing
its reasons for invoking the severest sanction of dismissal).
Where a dismissal without prejudice is effectively converted
to a dismissal with prejudice, as it was in this case by the
running of the statute of limitations, this court has indicated
that it may be appropriate for the district court to revisit the
issue. See Estate of Solis-Rivera, 993 F.2d at 3 (remanding to
district judge "to allow him to decide whether, given the surfacing
of the statute of limitations problem, he wishes to give plaintiffs
a further chance by allowing the present action to proceed");
Hilton International Co. v. Union de Trabajadores de la Industria
Gastronomica de Puerto Rico, 833 F.2d 10, 11 (1st Cir. 1987)
(indicating that where district court's intent to dismiss complaint
without prejudice was thwarted by running of statute of
limitations, "plaintiff's remedy was to go back for a revision").
There was no ruling on the statute of limitations issue at the
time that the district court denied plaintiffs' Rule 60(b) motion. 
Now that the ruling on the statute of limitations issue has
converted the district court's dismissal without prejudice into a
dismissal with prejudice, the district court should have an
opportunity to revisit the request for Rule 60(b) relief in light
of the changed circumstances. In ruling on the motion, whether
granting it or confirming its denial, the district court should
articulate the reasons for its action.
The district court's endorsed order dated October 20, 1997,
denying plaintiffs' Rule 60(b) motion is vacated and the case is
remanded for further proceedings in accordance herewith.