USCA1 Opinion

 

 [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT] United States Court of Appeals For the First CircuitNo. 97-2422 IDANIS GARCIA MORALES; EDGAR RAFAEL RIVERA DE JESUS; CONJUGAL PARTNERSHIP RIVERA GARCIA, Plaintiffs, Appellants, v. INSTITUTO COMERCIAL DE PUERTO RICO JUNIOR COLLEGE; ANGEL CURBELO, Defendants, Appellees. APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Daniel R. Dom¡nguez, U.S. District Judge] Before Selya, Circuit Judge, Campbell, Senior Circuit Judge, and Lipez, Circuit Judge.    Jesus R. Rabell Mendez and Rossello, Rabell & Salicrup onbrief for appellants. Luis N. Blanco Matos on brief for appellees.January 31, 2000 Per Curiam. Plaintiffs appeal from the district court's denialof Rule 60(b) relief from a judgment dismissing plaintiff'semployment discrimination claim "without prejudice" for failure toprosecute, pursuant to Fed.R.Civ.P. 41(b). At the time thatplaintiffs filed their Rule 60(b) motion, they had refiled theirfederal claims in a second suit before the district court, and amotion to dismiss the claims as untimely was pending. Subsequently, the district court did dismiss plaintiffs' secondcomplaint on the grounds that the statute of limitations on thefederal claims had already run when the first complaint wasdismissed and that the filing of the first complaint had not tolledthe limitations period. "Although our case law gives the district court broaddiscretion to dismiss a case to further its case managementresponsibilities, disposition on the merits is favored and werepeatedly have held that a case should not be dismissed withprejudice except 'when a plaintiff's misconduct is especiallyegregious or extreme.'" Ortiz-Anglada v. Ortiz-Perez, 183 F.3d 65,66 (1st Cir. 1999) (citation omitted). Here, the district courtdismissed without prejudice and, in refusing to reinstate two weekslater, gave as one of its two reasons the fact that the dismissalwas without prejudice, i.e., that the dismissal allowed plaintiffsto refile. Yet later, when it was brought to the court's attentionthat the running of the statute of limitations could effectivelyconvert the dismissal without prejudice to one with prejudice, thecourt denied Rule 60(b) relief without further explanation. "Our review of the denial of a motion under Rule 60(b) is forabuse of discretion. Our review is limited to the denial of the60(b) motion, not the merits of the underlying judgment. We willfind an abuse of discretion only when we are left with a definiteand firm conviction that the lower court committed a clear error ofjudgment in the conclusion it reached when weighing all therelevant factors." Ahmed v. Rosenblatt, 118 F.3d 886, 891 (1st Cir.1997). The district court failed to set forth its reasons for denyingthe Rule 60(b) motion, stating only that the motion was "denied." This failure hampers our review of the district court's denial inthese circumstances, where the reasons for denial are less thanobvious. Instead of this court second guessing the reasons for thedistrict court's refusal to vacate the dismissal of plaintiffs'complaint, it is preferable that the district court articulate itsreasons. "A district court, which has direct and continuouscontact with attorneys, is best able to judge in the first instancewhether an attorney's misconduct is sufficiently egregious towarrant the 'death knell' of a lawsuit, or whether some lessersanction would be more appropriate." Estate of Solis-Rivera v.United States, 993 F.2d 1, 3 (1st Cir. 1993); cf. Velazquez-Riverav. Sea-Land Service, Inc., 920 F.2d 1072, 1079 (1st Cir. 1990)(explaining benefits of district court's setting forth in writingits reasons for invoking the severest sanction of dismissal). Where a dismissal without prejudice is effectively convertedto a dismissal with prejudice, as it was in this case by therunning of the statute of limitations, this court has indicatedthat it may be appropriate for the district court to revisit theissue. See Estate of Solis-Rivera, 993 F.2d at 3 (remanding todistrict judge "to allow him to decide whether, given the surfacingof the statute of limitations problem, he wishes to give plaintiffsa further chance by allowing the present action to proceed");Hilton International Co. v. Union de Trabajadores de la IndustriaGastronomica de Puerto Rico, 833 F.2d 10, 11 (1st Cir. 1987)(indicating that where district court's intent to dismiss complaintwithout prejudice was thwarted by running of statute oflimitations, "plaintiff's remedy was to go back for a revision"). There was no ruling on the statute of limitations issue at thetime that the district court denied plaintiffs' Rule 60(b) motion. Now that the ruling on the statute of limitations issue hasconverted the district court's dismissal without prejudice into adismissal with prejudice, the district court should have anopportunity to revisit the request for Rule 60(b) relief in lightof the changed circumstances. In ruling on the motion, whethergranting it or confirming its denial, the district court shouldarticulate the reasons for its action. The district court's endorsed order dated October 20, 1997,denying plaintiffs' Rule 60(b) motion is vacated and the case isremanded for further proceedings in accordance herewith.