# United States Court of Appeals
## For the First Circuit

No. 06-1760

IRIS ESTHER TAFFANELLI-FIGUEROA;
IVÁN F. FUSTER-TAFFANELLI,

Plaintiffs, Appellants,

v.

VÍCTOR R. FAJARDO-VÉLEZ; CÉSAR REY; DEPARTMENT OF EDUCATION
OF THE COMMONWEALTH OF PUERTO RICO; ELIZABETH MARTÍNEZ;
LILLIAN NAZARIO; LUCY OCASIO; JOSELIN TORRES;
JOSÉ LUIS CÁCERES; CARMEN DELIA-DE LEÓN; MINERVA RIVERA-MEDINA;
LUZ RODRÍGUEZ; AIDA M. ESTEVES-DE TRAVAL; ESTER RIVERA;
UNIÓN DE PERSONAL PROFESIONAL ADMINISTRATIVO, SECRETARIAL Y
DE OFICINA; FELÍCITA REYES; MABEL RÍOS; CARMEN NIEVES;
URSULA TORRES; RUTH CARDONA; DR. ERNESTO VIRELLA;
JOCELYN CARRASQUILLO; GLADYS ERAZO; RICKY ESPINOZA;
HÉCTOR RINCÓN; EVELYN TORRES,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Torruella, Circuit Judge,
Selya, Senior Circuit Judge,
and Lynch, Circuit Judge.

Eugene F. Hestres-Vélez, with whom Eugene F. Hestres-Rodríguez
and Bird Bird & Hestres, P.S.C. were on brief, for appellants.
Aníbal Escanellas-Rivera, was on brief, for appellee Unión de
Personal Profesional, Administrativo, Secretarial y de Oficina
(PASO).
Julio C. Alejandro-Serrano, with whom Roberto Sánchez-Ramos,

Secretary of Justice, <u>Salvador Antonetti-Stutts</u>, Solicitor General, <u>Eileen Landrón-Guardiola</u>, <u>Eduardo Vera-Ramírez</u>, <u>Luis A. Rodríguez-Muñoz</u>, and <u>Landrón & Vera, LLP</u>, were on brief, for appellees Víctor Fajardo-Vélez, et al.

———————————

April 6, 2007

———————————

**TORRUELLA**, **Circuit Judge**.  Plaintiffs-appellants Iris Esther Taffanelli-Figueroa ("Taffanelli") and her son, Iván F. Fuster-Taffanelli (collectively, "Plaintiffs"),[1] appeal the district court's order dismissing their case with prejudice and its subsequent denial of their motion for relief from judgment.  After careful review, we reverse the dismissal and remand for further proceedings.

## I. Background

On March 11, 2004, Plaintiffs filed a civil rights action under 42 U.S.C. § 1983 and the Puerto Rico Constitution against the Puerto Rico Department of Education and a number of related defendants (collectively, "Defendants").  A somewhat contentious and protracted period of discovery ensued, with numerous motions for extensions of time, at least one motion to compel discovery, and a stay pending Taffanelli's intervening "psychological crisis."

On December 15, 2005, counsel for Plaintiffs, Frank D. Inserni, filed a motion requesting leave to withdraw, citing "unappeasable differences."  Inserni's motion also requested ninety days for Plaintiffs to retain new counsel, given that the file in the case was extensive and many Puerto Rico law firms would be closed until at least mid-January for the holiday season.  The same day, Inserni sent Plaintiffs a letter stating his intention to

---

[1]  A third plaintiff, Taffanelli's daughter, Iris Janice Fuster-Taffanelli, requested that she be dismissed from the case with prejudice.  The district court granted the motion.

-3-

withdraw due to, among other things, disagreement over litigation costs. He also informed Plaintiffs that he would release their case file as soon as his motion was granted and he had been paid.

On February 17, 2006, the district court granted Inserni's motion to withdraw and ordered Plaintiffs to "appear through new retained counsel or representing themselves no later than March 1, 2006." Noting that Taffanelli had known of the motion to withdraw since mid-December, the court warned Plaintiffs that "[f]ailure to comply with this Order shall result in dismissal, with prejudice."

Plaintiffs filed a pro se motion on March 1, 2006, requesting an additional sixty days to obtain new representation. They explained that they had difficulty finding new counsel due to the "complicated and voluminous" nature of the case.

On March 8, 2006, the district court denied Plaintiffs' motion for an extension of time by endorsed order. The court then entered judgment, dismissing the action with prejudice on the ground that Plaintiffs had failed to appear as required by the court's order of February 17. On March 20, Plaintiffs filed a special appearance through a new attorney, and moved for relief from judgment. Plaintiffs argued that they had been diligently seeking new representation, but that they had been unsuccessful because they did not have their case files until February 28, and no attorney would take their case without an opportunity to review

the files.  The district court denied the motion without comment on April 3, 2006.

Plaintiffs appeal the judgment against them and the order denying their motion for relief from judgment.

## II. Dismissal with Prejudice

We have often affirmed a trial court's discretion to dismiss a case with prejudice for failure to comply with court orders.  See, e.g., Torres-Vargas v. Pereira, 431 F.3d 389, 392 (1st Cir. 2005).  However, we have also warned that dismissal with prejudice is a particularly harsh sanction, which should be imposed only in extreme circumstances.  See Malot v. Dorado Beach Cottages Assocs., 478 F.3d 40, 43-44 (1st Cir. 2007); Estate of Solís-Rivera v. United States, 993 F.2d 1, 2 (1st Cir. 1993).  We review a district court's use of dismissal with prejudice as a sanction for abuse of discretion.  See Benítez-García v. González-Vega, 468 F.3d 1, 5 (1st Cir. 2006).

In this case, one simple fact compels us to reverse: The district court dismissed the case with prejudice on the ground that Plaintiffs failed to comply with its order to appear by March 1, 2006, even though Plaintiffs did appear by the stated deadline. The order required that Plaintiffs appear either through another attorney or in representation of themselves.  Because Plaintiffs had not yet retained new counsel, they filed a pro se motion, which stated that "the purpose of this appearance is to comply with the

-5-

Order [of February 17]." The filing of this motion constituted an appearance, as a matter of law, see Black's Law Dictionary 107 (8th ed. 2004) (defining "appearance" as "[a] coming into court as a party . . . by formally participating in [the lawsuit] or by an answer, demurrer, or motion"); cf. United States v. $23,000 in U.S. Currency, 356 F.3d 157, 164 (1st Cir. 2004) (citing with approval 10A Wright, Miller & Kane, Federal Practice & Procedure § 2686 as "noting that an appearance [for purposes of Rule 55] merely 'involves some presentation or submission to the court.'"), and therefore the district court erred in dismissing the case in accordance with its prior warning.

Defendants argue that the court's order clearly meant for Plaintiffs to appear ready to prosecute their case, and that appearing to request additional time was a violation of the order. Perhaps that is what the district court intended, but the plain language of the order merely required Plaintiffs to appear, which they did. Moreover, in granting the attorney's motion to withdraw, the court knew that Plaintiffs were without counsel. Thus, if the court intended for the Plaintiffs to do more than just appear, it should have made its intentions plain in the order. Cf. Cintrón-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 526-27 (1st Cir. 2002) (acknowledging the principle of leniency toward pro se plaintiffs, but declining to apply it where the court's warnings were plain). Technically, Plaintiffs complied

with the terms of the court's order, and it was an abuse of discretion to dismiss the case with prejudice for failure to comply. See Rosario-Urdaz v. Rivera-Hernández, 350 F.3d 219, 221 (1st Cir. 2003) ("An error of law is, of course, an abuse of discretion.").

### III. Conclusion

We find that the district court abused its discretion in imposing on Plaintiffs one of the harshest sanctions available, on the stated ground that Plaintiffs failed to comply with a court order warning them of the dire consequences of noncompliance, when in fact Plaintiffs had complied with the plain language of the order in question. Because we reverse the judgment against Plaintiffs on this ground and remand for further proceedings, we need not address the denial of their motion for relief from judgment.

**Reversed and remanded**.